[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Following a jury trial, defendant-appellant Glenn Young was convicted of cocaine possession, in violation of R.C. 2925.11(A). Young now appeals. In a single assignment of error, Young argues that the trial court erred in overruling his Crim.R. 29 motion for judgment of acquittal, and that the guilty verdict was against the manifest weight of the evidence. We overrule the assignment of error and affirm the judgment of the trial court.
{¶ 3} In our review of the trial court's denial of Young's Crim.R. 29 motion, we must determine whether the evidence was such that reasonable minds could have reached different conclusions as to whether the state had proved each material element of the offense beyond a reasonable doubt.[1] To reverse a conviction on the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
{¶ 4} R.C. 2925.11(A) states that "no person shall knowingly obtain, possess, or use a controlled substance." The state presented evidence that Cincinnati Police Officers Perkins and Davis were patrolling a high-crime area in their marked police cruiser, when a woman yelled, "Boys!," to alert others that police officers were approaching. Officer Perkins looked down an alley where he saw Young with another man. As the other man walked away, Officer Perkins saw Young throw two baggies six to seven feet in the air, pick up a typewriter, and then begin to quickly walk away. The baggies landed within two and a half feet of Young.
{¶ 5} Officer Davis stopped Young, while Officer Perkins recovered the two baggies, which contained crack cocaine. At first, Young denied that he had seen any "dope." Then Young said that he had thrown something, but that it was just a piece of paper. Young testified that he had dropped a piece of paper on the ground.
{¶ 6} Initially, we note that the weight to be given the evidence and the credibility of the witnesses were primarily for the jury to determine; inconsistencies in the evidence were also for the jury to resolve.[3] In sum, we hold that the trial court did not err in denying the Crim.R. 29 motion because reasonable minds could have reached different conclusions as to whether each element of the crime had been proven beyond a reasonable doubt. We also conclude, based on our review of the record, that Young's conviction was not against the manifest weight of the evidence.
{¶ 7} Therefore, we overrule the assignment of error and affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[2] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.